**SO ORDERED**

**SIGNED this 10 day of March, 2025.**

Pamela W. McAfee
United States Bankruptcy Judge

---

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

IN RE:

**STEPHEN J. SLIWINSKI,**

    **Debtor.**

**Case No.
24-00802-5-PWM
Chapter 13**

---

  **STEPHEN J. SLIWINSKI,**

      **Plaintiff,**
   **v.**

  **JULIE ANNE SLIWINSKI,**

     **Defendant.**

**Adversary Proceeding
No. 24-00118-5-PWM**

### ORDER ALLOWING MOTION TO DISMISS

The matter before the court is the motion to dismiss and supporting memorandum, D.E. 4, 10, filed by defendant Julie Anne Sliwinski in this adversary proceeding brought by the plaintiff and chapter 13 debtor, Stephen J. Sliwinski. Mr. Sliwinski filed a response to the motion to dismiss and, within that response, moved for summary judgment, D.E. 11. Ms. Sliwinski filed a memorandum in response to the motion for summary judgment, D.E. 12. In his complaint, Mr. Sliwinski seeks court authority to sell real property he owns with Ms. Sliwinski free and clear of her interest pursuant to 11 U.S.C. § 363(h), which authorizes a chapter 13 trustee to sell, under

certain conditions, real property in which both a chapter 13 debtor's estate and a non-debtor co-owner hold an interest. The court will dispense with a hearing because the legal issues and the relevant and undisputed facts are fully developed based on the pleadings and legal memoranda before the court. For the reasons that follow, Ms. Sliwinski's motion to dismiss will be allowed because Mr. Sliwinski, as the debtor, does not have standing to exercise the powers of a trustee under § 363(h). That denial renders Mr. Sliwinski's motion for summary judgment moot.[1]

## BACKGROUND AND PROCEDURAL HISTORY

On March 8, 2024, Mr. Sliwinski filed a petition for relief under chapter 13 of the Bankruptcy Code, which he supplemented with schedules filed on April 24, 2024. Bkr. D.E. 1, 23. In his Schedule C-1, Mr. Sliwinski claimed an exemption of 100% of the fair market value up to any applicable statutory limit in real property located at 155 Churchill Road, Louisburg, North Carolina, which he owns in a tenancy by the entirety with Ms. Sliwinski, from whom he is now separated. Mr. Sliwinski scheduled the fair market value of the property as $376,200 and listed $188,100 as the value of the portion he owns. Bkr. D.E. 23 at 25.

On October 2, 2024, Mr. Sliwinski filed the complaint in this adversary proceeding against Ms. Sliwinski. In his complaint, he notes the value of the property and recites that it is encumbered by a first lien in favor of mortgagor M&T Bank with a balance of $212,544, and a judgment lien held by Coastal Federal Credit Union in the approximate amount of $15,030.37. D.E. 1 at ¶¶ 13-15. Mr. Sliwinski asserts that these are joint debts and that the property is further subject to claims by the IRS and the North Carolina Department of Revenue in the amounts of $9,541 and $2,375, respectively. *Id.* at ¶¶ 21-23. Mr. Sliwinski alleges that he will use his net proceeds after payment

---

[1] As the court notes below, had Mr. Sliwinski's complaint survived the motion to dismiss, the court would have determined in the alternative that the issues of fact relevant to a sale under § 363(h) are disputed, precluding entry of summary judgment in favor of Mr. Sliwinski.

of secured liens to satisfy claims in his bankruptcy case and alleges that "Partition in kind is impractical because the Real Property consists of approximately .6 acres and is improved by a house and garage intended for residential use." *Id*. at ¶ 25. Mr. Sliwinski seeks court approval to market and then sell the property free of Ms. Sliwinski's ownership interest pursuant to 11 U.S.C. § 363(h).

Ms. Sliwinski's answer includes her motion to dismiss, in which she contends that a chapter 13 debtor does not have statutory authority to act as the trustee – or more accurately as *a* trustee – in compelling a sale under § 363(h), where that statute reserves that power to the trustee. Ms. Sliwinski maintains that § 1303, by its express terms, does not extend § 363(h) powers to a chapter 13 debtor, and that if Mr. Sliwinski sought to fund a plan through sale proceeds, he would need to do so through 11 U.S.C. § 363(b) and Federal Rule of Bankruptcy Procedure 6009.

Mr. Sliwinski filed a motion for summary judgment and incorporated response in opposition to the motion to dismiss, D.E. 11. Mr. Sliwinski correctly recites that § 1303 provides that a debtor "shall have, exclusive of the trustee, the rights and powers of a trustee" under certain enumerated subsections of § 363 that do not include subsection (h). *Id*. at 4. The plaintiff's argument in a nutshell is that he has standing to seek partition of the property under § 363(h) because that section of the Bankruptcy Code "specifically grants the trustee the right to sell property owned with a non-debtor as 'tenants-by-the-entireties' and because 11 U.S.C. § 363(h) specifically incorporates 11 U.S.C. § 362(b) by reference. The rights of §§ 1303 and 363(b)(1) would be meaningless if the Debtor could not compel the sale of jointly owned property in bankruptcy court." *Id*. at 5. In addition, and notwithstanding the factual issues inherit in calculating the relative detriment to a non-debtor co-owner in application of § 363(h), Mr. Sliwinski seeks

summary judgment in his favor, contending simply that "the benefit to the estate of a sale of the Real Property outweighs the detriment to the Defendant, if any." D.E. 11 at 3.

In response to the summary judgment motion, Ms. Sliwinski first took the position that the real property was not property of the estate because Mr. Sliwinski claimed it as exempt, then reiterated from her motion to dismiss that Mr. Sliwinski lacked standing to compel a sale under § 363(h), and concluded that even if Mr. Sliwinski did have standing, his claim for relief fails on the merits due to the harm that would be suffered by Ms. Sliwinski and her minor children, who also reside in the home, in the event of a forced sale. To that end, Ms. Sliwinski attached an affidavit detailing some of the circumstances of the Sliwinskis' separation, as well as bases upon which a forced sale would be a detriment to her – including but not limited to the affordability of the current mortgage, the precariousness of Ms. Sliwinski's overall financial position, the limited domestic support being provided to Ms. Sliwinski and her daughters, and other factors.

The parties agree that the question of whether a chapter 13 debtor has standing *to pursue* a compulsory sale under § 363(h) is one of law. For the reasons set forth below, the court concludes that Mr. Sliwinski does not, and the complaint will be dismissed. Further, even if Mr. Sliwinski did have standing to pursue such a sale, whether to allow a sale requires an assessment of the detriment to the property co-owner under § 363(h)(3), which is a question of fact not resolvable on summary judgment.

## JURISDICTION

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. § 1334. This is a statutorily core proceeding under 28 U.S.C. § 157(b)(1) that this court is authorized to hear and determine. The United States District Court for the Eastern District of North Carolina has referred this case and this proceeding to this court

4

under 28 U.S.C. § 157(a) by its General Order of Reference entered on August 3, 1984. This proceeding is constitutionally core, and this court may enter final orders herein. Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

## STANDARD FOR DISMISSAL

The issue in Ms. Sliwinski's motion to dismiss is a purely legal question: whether Mr. Sliwinski, as a chapter 13 debtor, is entitled to step into the shoes of a chapter 13 trustee and, in that capacity, pursue the sale of real property under 11 U.S.C. § 363(h). While the motion references Rule 12(b)(6) of the Federal Rules of Civil Procedure (made applicable to this proceeding by Federal Rule of Bankruptcy Procedure 7012(b)), standing of the plaintiff to bring the claims in the complaint is an issue addressed by Rule 12(b)(1), which tests subject matter jurisdiction – the court's "statutory or constitutional power to adjudicate the case." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998) (emphasis omitted). A federal court "must determine that it has subject-matter jurisdiction over [a claim] before it can pass on the merits of that [claim]." *Constantine v. Rectors & Visitors of George Mason Univ.*, 411 F.3d 474, 479-80 (4th Cir. 2005). A plaintiff bears the burden of establishing that the court has subject matter jurisdiction over its claims. *See, e.g., Steel Co.*, 523 U.S. at 104; *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999); *Richmond, Fredericksburg & Potomac R.R. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991). If a plaintiff does not have standing, the court does not have subject matter jurisdiction to hear the plaintiff's claims. *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992); *White Tail Park. Inc. v. Stroube*, 413 F.3d 451, 459 (4th Cir. 2005).

## DISCUSSION

In his complaint, Mr. Sliwinski asserts that as a chapter 13 debtor, and by operation of 11 U.S.C. § 1303, he can exercise the rights extended to a chapter 13 trustee under § 363(h) to

5

compel the sale of property owned by him, as the debtor, and his estranged co-owner and non-debtor spouse. Responding, and in her motion to dismiss, Ms. Sliwinski contends that § 1303 simply does not extend that power to a debtor, and that the right to compel a sale under § 363(h) is reserved to the trustee.

In its entirety, § 1303, which addresses the rights and powers of a debtor, provides: "Subject to any limitations of a trustee under this chapter, the debtor shall have, exclusive of the trustee, the rights and powers of a trustee under sections 363(b), 363(d), 363(e), 363(f), and 363(l), of this title." Obviously absent from that recitation is § 363(h), pursuant to which Mr. Sliwinski seeks relief. That section provides:

> (h) Notwithstanding subsection (f) of this section, the trustee may sell both the estate's interest, under subsection (b) or (c) of this section, and the interest of any co-owner in property in which the debtor had, at the commencement of the case, an undivided interest as a tenant in common, joint tenant, or tenant by the entirety, only if—
> (1) partition in kind of such property among the estate and such co-owners is impracticable;
> (2) sale of the estate's undivided interest in such property would realize significantly less for the estate than the sale of such property free of the interests of such co-owners;
> (3) the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners; and
> (4) such property is not used in the production, transmission, or distribution, for sale, of electric energy or of natural or synthetic gas for heat, light, or power.

Section 363(h) is followed by qualifying language in § 363(i), which is notable in the present context of one spouse seeking to compel the sale of the other spouse's property interest. It provides:

> Before the consummation of a sale of property to which subsection (g) or (h) of this section applies, or of property of the estate that was community property of the debtor and the debtor's spouse immediately before the commencement of the case, the debtor's spouse, or a co-owner of such property, as the case may be, may purchase such property at the price at which such sale is to be consummated.

11 U.S.C. § 363(i). Also reflecting the unique shared interests that arise in property owned by spouses is § 363(g), which provides that "[n]otwithstanding subsection (f) of this section, the trustee may sell property under subsection (b) or (c) of this section free and clear of any vested or contingent right in the nature of dower or curtesy," with rights of this "nature" being generally understood to consist of the rights of a surviving spouse to property of a deceased spouse. Finally, § 363(f), as referenced in § 363(g), is, like § 363(b), among the specific provisions that may be exercised by a chapter 13 debtor under § 1303. That section provides:

> (f) The trustee may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if—
> (1) applicable nonbankruptcy law permits sale of such property free and clear of such interest;
> (2) such entity consents;
> (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all such liens on such property;
> (4) such interest is in bona fide dispute; or
> (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. 363(f). In sum, of all the powers and procedures either included within § 363(h) or related in a significant way to operation of that statute, only the sale powers set out in §§ 363(b) and 363(f) are specifically made available to a chapter 13 debtor by operation of § 1303. Section 1303 also confers upon a debtor the ability to exercise the powers of a trustee under § 363(f). Mr. Sliwinski, however, seeks to proceed under § 363(h).

**Motion to Dismiss for Lack of Standing**

Mr. Sliwinski relies on *In re Guy*, 587 B.R. 475 (Bankr. E.D.N.C. 2018), for the proposition that, in addition to the power exercisable by a debtor under § 363(b) to sell "property of the estate," he also may exercise the trustee powers set out in § 363(h) – notwithstanding the fact that those powers are not allocated to him in § 1303. *Guy* came before the court on the motion of the debtor's co-owner sibling for relief from stay to compel the sale of land via a state court partition action.

7

There, the court noted that it agreed with a New Hampshire bankruptcy court decision that found that "'a Chapter 13 debtor may utilize section 363(h) because pursuant to section 1303 a Chapter 13 debtor has the power of a Chapter 13 trustee under section 363(b) and section 363(h) specifically incorporates section 363(b) by reference.'" 587 B.R. at 480 (citing *In re Belyea*, 253 B.R. 312, 314 (Bankr. D.N.H. 1999)) (remaining citations omitted). In contrast to the instant case, however, in *Guy*, both the chapter 13 debtor and the non-debtor co-owner wanted to sell the property, and the issue before the court was the methodology by which to do so, *i.e.* whether to allow the sister's motion for relief from stay to pursue a partition action in state court, or to permit the sale under the bankruptcy court's supervision pursuant to § 363(h). As the *Guy* court noted, "the Debtor does not oppose a partition through sale of the Property, and he has already marketed the Property. He wants the property sold." *Id*. at 479.  The court reasoned that a trustee's sale of the estate's interest would be "[s]imilar to a state court partition sale," and, after noting that "judicial economy favors partition as part of the Debtor's Chapter 13 case, rather than through a state court proceeding that has yet to be initiated by" the co-owner,  emphasized that "[p]erhaps most important, the Trustee has valid concerns that releasing the Property from the protection of this court is not in the estate's best interest."  *Id.* at 480. More specifically:

> In addition to favoring a sale of the Property, the Debtor does not object to [the co-owner] Ms. Parker purchasing his interest if she pays a fair price. Ms. Parker's alleged attempts to sabotage a private sale of the Property to a third party and her desire to force a judicial sale suggest that she is not interested in negotiating directly with the Debtor. … An efficient and reasonable sale procedure will ensure that anticipated equity will not diminish. A proposed sale pursuant to § 363(h), whether to Ms. Parker or a third party, requires notice to the Trustee and other parties in interest who can scrutinize and, if necessary, object. The court will only approve a sale upon a showing that it is in the best interest of the estate.

*Id.* at 480-81. Because the *Guy* court did not have to decide whether a chapter 13 debtor has standing to force an opposed sale under § 363(h), and in fact addressed a scenario where *the trustee* was also seeking sale of the property under the court's supervision, the court does not view *Guy*

8

as precedential in this district where standing is directly challenged and the sale is contested. To the extent *Guy* does reach the issue, it and *Belyea* represent the minority view on this issue.

Courts forming the apparent majority view, including those cited by Ms. Sliwinski, focus on the omission of § 363(h) from the specified subsections delineated in § 1303. *See In re Wrublik*, 312 B.R. 284 (Bankr. D. Md. 2004) (dismissing debtor's complaint seeking to sell both her and a co-owner's property under § 363(h)); *In re Andrade*, 570 B.R. 121 (Bankr. W.D. Mass. 2017) (chapter 13 debtor may not force the sale of property co-owned with a non-debtor under § 363(h)); *In re Schlicht*, 656 B.R. 205, 220 & n.5 (Bankr. E.D. Mich. 2023) (in dicta, noting the split of authority and observing that § 1303 omits § 363(h)). In *Wrublik*, the court considered facts similar to those presented in this case, in that a chapter 13 debtor sought under § 363(h) to compel the sale of property co-owned with her son. Like Mr. Sliwinski, the debtor in that case argued that "[s]tanding is proper because Subsection (b) of 11 U.S.C. § 363 is specifically included in 11 U.S.C. § 1303. The debtor has the power of a trustee under 11 U.S.C. § 363(b) which is incorporated into 11 U.S.C. § 363(h)." *Wrublik*, 312 B.R. at 285. As that court noted at the outset, there is some precedent for that position, in that at least four other courts have, at least to some extent, adopted it. *Id.* (citing *In re Belyea*, 253 B.R. 312, 314 (Bankr. D.N.H. 1999); *In re Rishel*, 166 B.R. 276, 278 (Bankr. W.D. Pa. 1994); *In re Janoff*, 54 B.R. 741, 742 (Bankr. D.N.J. 1985); *In re Yakubesin*, 83 B.R. 462, 466-68 (Bankr. S.D. Ohio 1988)). On closer examination of those decisions, however, the *Wrublik* court noted that

> *Belyea* and *Rishel* are based on a theory of incorporation holding that § 363(h) is included within § 1303 by virtue of § 363(b). In *Janoff* the court denied the debtor's motion for summary judgment but stated in dicta, relying on the Senate Report that is discussed later in this opinion, that the debtor was empowered under § 363(h) to sell property including the interest of a co-owner. *Yakubesin* states no basis for its conclusion that a debtor can use § 363(h).

9

*Id.* at 285-86. In a thorough opinion, the *Wrublik* court then noted its disagreement with those decisions. This court, upon full review, finds those reasons compelling.

In *Wrublik*, the court reviewed the statutes at issue and concluded that it could "not agree that by some process of chemical osmosis of incorporation within § 363(b) that the § 363(h) power appears in § 1303." *Id*. at 286. A review of both the House and Senate Reports[2] associated with passage of then-proposed § 1303 indicated that the two entities ultimately compromised on language excluding § 363(h) from the powers extended to debtors, as is reflected in the language itself. *Id*. at 286-87.  More compelling than that is the court's conclusion with respect to the plain language of the statutes:

> [R]esolution of the meaning of a statute begins with the language of the statute itself. *Landreth Timber Co. v. Landreth*, 471 U.S. 681, 685 (1985). The language of § 1303 is plain and unambiguous. The interpretation of § 1303 is governed by the legal maxim, *Expressiou unius est exclusio alterius*, or, as it is otherwise worded, *expressum facit cessare tacitum*. That is, the express mention of one thing implies the exclusion of another. Herbert Broom, A Selection of Legal Maxims 650-68, (8th Am. from the 5th London ed., T. & J.W. Johnson & Co. 1882) (1845);

---

[2] As the *Wrublik* court notes, congressional intent "can be traced by comparing the provisions concerning proposed 1303 in the House and Senate Reports that accompanied the Bankruptcy Reform Act of 1978." *Id*. at 286. Specifically:

House Report:
This section gives the debtor the same rights and powers of a trustee under sections 363(b), (d), (e), and (f), relating to use, sale or lease of property other than in the ordinary course of business.  These are rights and powers given exclusively to the debtor, and may not be exercised by the trustee.
HR Rep. No. 595, 95th Cong., 1st Sess. 427 (1977), U.S. Code Cong. & Admin. News 1978, pp. 5963, 6383.

Senate Report:
A chapter 13 debtor is vested with the identical rights and powers, and is subject to the same limitations in regard to their exercise, as those given to a liquidation trustee by virtue of section 363(b), (d), (e), (f), and (h) of title 11, relating to the sale, use or lease of property."
S. Rep. No. 989, 95th Cong., 2nd Sess. 140 (1978), U.S. Code Cong. & Admin. News 1978, pp. 5787, 5926.

312 B.R. at 286-87.

*see also Tucker v. Alexandroff*, 183 U.S. 424, 436 (1902); *U.S. v. Sweeny*, 157 U.S. 281, 286 (1895).

> Accordingly, the powerful negative inference of § 1303 is that § 363(h) is not one of the included sections under which a chapter 13 debtor is granted the rights and powers of a trustee. Had Congress wished to allow a debtor to be able to sell the property of a spouse or other co-owner, without the consent of that spouse or co-owner, it would have said so by adopting the Senate Version and including § 363(h) within the specific powers granted to a chapter 13 debtor.

*Id*. at 287 (internal citations cleaned up).

Similarly, and more recently, in *Andrade*, the chapter 13 debtor brought an adversary proceeding seeking to sell both her interest and her sibling co-owners' interests in real property inherited from their father. The court dismissed the proceeding *sua sponte*, prior to the defendants filing an answer, on grounds that it was "crystal clear" that the plaintiff lacked standing to prosecute a § 363(h) claim, could not prevail, and that amendment would be futile. *Andrade*, 570 B.R. at 122-23. As in *Wrublik*, the *Andrade* court reviewed the few published opinions it could find in which a debtor was permitted to proceed under § 363(h) and explained why it disagreed with them, including those cases adopting Mr. Sliwinski's theory that if § 363(h) incorporates § 363(b) by reference, that somehow elevates § 363(h) to a power exercisable by a debtor as well as a trustee. It concluded:

> The court finds this reasoning unpersuasive. Section 363(h) addresses sales of a particular type of property – i.e., property co-owned with a nondebtor – noting that the sale of the estate property can either be outside the ordinary course of business (§ 363(b)) or within the ordinary course (§ 363(c)). The Court does not read this reference in § 363(h) as "incorporating" § 363(b), which is among the trustee powers granted to Chapter 13 debtors. While a § 363(h) sale must also be pursuant to § 363(b) or (c), the power to sell under § 363(b) exists separately from § 363(h). Section 363(b) sales can, and frequently do, occur where there is no co-owner. And that is the limited authority granted to a Debtor under § 1303 – the power to sell estate property under § 363(b), but not the authority to attempt a § 363(b) sale if the property is co-owned.

*Id*. at 122. Instead, the court applied a "plain language analysis," on which basis it held that "a chapter 13 debtor may not force the sale of property co-owned with a nondebtor as a tenant in

11

common, joint tenant, or tenant by the entirety under § 363(h)." *Id.* & n.5 (noting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1 (2000), in support of its plain language analysis, and citing *Kao v. Kelly (In re Kao)*, 215 WL 4116893, *2 (Bankr. S.D. Tex. July 7, 2015); *In re Alvarez*, 2012 WL 1425097, *3 (Bankr. S.D. Fla. April 24, 2012); *In re Dahlgren*, 418 B.R. 852, 859 (Bankr. D.N.J. 2009); *Hunter v. Citifinancial, Inc. (In re Hunter)*, 284 B.R. 806, 813 (Bankr. E.D. Va. 2002); W*rublik*, 312 B.R. at 286-87; *In re Perry*, 131 B.R. 763, 765 (Bankr. D. Mass. 1991)). Describing its decision as consistent with not only the majority of recent cases but also the "vast majority of case law regarding limitations on a Chapter 13 debtor's right to exercise trustee powers under the Bankruptcy Code," the court concluded that the debtor's clear lack of standing supported a rare exercise of the court's power to enter a *sua sponte* dismissal. *Id.* at 123.

This court agrees with the reasoning of *Andrade* and *Wrublik* and concludes, like them, that a chapter 13 debtor lacks standing to compel a sale under § 363(h) of the Bankruptcy Code.[3]

---

[3] Ms. Sliwinski also relies upon the recent Fourth Circuit decision *David v. King*, 109 F.4th 653 (4th Cir. 2024), to support her position that the chapter 13 debtor and chapter 13 trustee have distinct powers that do not overlap for good reason. The *David* court considered whether a chapter 11 trustee retained certain statutory authority after a case was converted to one under chapter 13 and a chapter 13 trustee appointed, observing that

> the article 'the' before the singular noun 'trustee' is significant. Numerically, 'the' contemplates that *one* trustee might employ professionals [or take some other action statutorily assigned to 'the' trustee].' *See Rumsfeld v Padilla*, 542 U.S. 426, 434 (2004) (cleaned up) (noting that '[t]he consistent use of the definitive article in reference' to an object normally 'indicates' that the statute refers to only one such object). …

*Id.*, 109 F.4th at 661 (subsequent consistent citations omitted). While not directly on point in this case, the *David* court expanded on this concept at some length and discussed the extent of powers conferred upon "the trustee" in a range of statutory contexts, culminating in this conclusion: "These provisions only make sense if 'the trustee' is read to mean the one current trustee. Otherwise, a bankruptcy case's administration would be thrown into chaos by multiple individuals acting as trustees." *Id.* at 662. So, too, according to Ms. Sliwinski, would administration be disrupted if the chapter 13 debtor wields the same § 363(h) powers as the trustee.

This conclusion is consistent with the Fourth Circuit's observation in *In re Alvarez*, 733 F.3d 136, 142 (4th Cir. 2013), *cert. denied*, 572 U.S. 1124 (2014), a lien stripping case not directly focused on § 363(h), which took note that § 363(h) "permits a bankruptcy trustee in limited circumstances to dispose of a non-debtor spouse's interest in entireties property." As the *Alvarez* court held:

> Under § 363(h), *a trustee* can sell a bankruptcy petitioner's interest in entireties property as well as the interest of a non-debtor spouse under specified circumstances. This provision represents a narrow legislative exception to the general common law rule prohibiting any unilateral severance of an entireties estate.

*Id*. Given that the plain language of the statute compels this conclusion, the court does not need to review certain related policy concerns that come to mind in connection with the risks inherent in permitting a chapter 13 debtor unilaterally to compel the sale of real property (and, in particular, a residence) co-owned with a non-filing family member such as a sibling, parent, or estranged spouse.[4]

After full review of foregoing, the court finds the majority reasoning to be the most persuasive, and holds that Mr. Sliwinski does not have standing to pursue an action under § 363(h). Accordingly, the complaint will be dismissed for lack of standing.

**Summary Judgment both Moot and Precluded by Issues of Disputed Fact**

Dismissal of the complaint renders Mr. Sliwinski's motion for summary judgment moot. Had Mr. Sliwinski's complaint survived the motion to dismiss, however, his motion for summary judgment was ill-founded. A required consideration for the court in determining whether to order a sale under § 363(h) is whether "the benefit to the estate of a sale of such property free of the interests of co-owners outweighs the detriment, if any, to such co-owners." 11 U.S.C. § 363(h)(3).

---

[4] As noted by the *Alvarez* court, there are "specified circumstances" to be considered by the trustee as an arms-length professional. When a trustee sells property pursuant to § 363(h), that right of sale is "not unlimited," as the statute itself contains four conditions precedent and, "in addition, the co-tenant is granted a statutory right of first refusal." *Hunter*, 284 B.R. at 812 & n.5 (citing 11 U.S.C. § 363(i)).

Although Mr. Sliwinski alleged that the "benefit to the estate of a sale of the real property outweighs the detriment to the Defendant, if any," D.E. 1 at ¶ 26, that factual allegation is, to put it mildly, disputed. *See* D.E. 12 (including Ms. Sliwinski's affidavit regarding detriment to her and minor children in the context of a forced sale). Disputed issues of material fact necessarily defeat summary judgment.

**CONCLUSION**

Because Mr. Sliwinski does not have standing to pursue the claim in this adversary proceeding, Ms. Sliwinski's motion to dismiss is ALLOWED, and this adversary proceeding is DISMISSED.

**END OF DOCUMENT**